## STATE v SHIPP

Ohio Appeals, 2nd Dist, Montgomery Co

No 1398.   Decided June 20, 1936

Nicholas Nolan, Prosecuting Attorney, Dayton, and Sam D. Kelly, Dayton, for appellant.

C. H. Supinger, Dayton, for appellee.

## OPINION

**By BARNES, PJ.**

The defendant, William Edward Shipp, was indicted by the grand jury of Montgomery County, Ohio, on a charge of first degree murder. On arraignment he entered a plea of not guilty and upon trial was found guilty of manslaughter and subsequently sentenced to the Ohio Penitentiary.

The trial court over the objection of the State charged on the crime of manslaughter as being one of the included offenses in the first degree murder charge contained in the indictment. While the case is fully settled the prosecutor under authority of the General Code is bringing up the legal question for review as an aid and precedent on like questions in the future.

The trial court certified what purports to be a partial bill of exceptions. There is not, but there should have been filed a transcript of the docket and journal entries. This omission will not be vital if we correctly understand defendant's plea.

In the brief of counsel for the State, we ascertain that the claim is made that the defendant interposed a plea of self-defense. We assume that what actually happened was that the defendant when arraigned entered a plea of not guilty and the plea of self-defense arose through trial statement of defendant's counsel before the introduction of the testimony, or through the evidence, either or both. Counsel for the State urge a determination by this court that manslaughter should never be charged where the defendant is making the claim of killing in self-defense. We are unable to follow the argument of counsel for the State that this should be the law. In order to so determine, it would be necessary to conclude that the injection of the defense of self-defense removes or cancels all other defenses and places the burden on the defendant of proving self-defense by a preponderance of the evidence.

Under the law a plea of not guilty makes available to the defendant every defense known to the law. The fact ▉▉▉▉▉ that through trial statement of defendant's counsel or in introduction of evidence an issue of self-defense is presented does not take away from the defendant all other available defenses.

At all times the burden is upon the State to prove beyond a reasonable doubt each and every element of the crime charged. Of course, this pertains to the included offense such as second degree murder or manslaughter where the indictment under its language charges first degree murder.

The law is well defined that the trial court should not charge the jury on any included offense where the evidence to support the same is lacking.

In other words, under a first degree murder indictment it is the province of the trial court in the first instance to determine whether or not under the record and the evidence giving the same the most favorable construction for defendant, it is either murder in the first degree or not guilty. Under such a situation the trial court should not charge murder in the second degree or manslaughter.

It is very rare indeed that through such an analysis it would be possible to eliminate a charge of second degree murder. If the trial court charges on second degree murder as an included offense he next by the same process determines whether or not the offense under the state of the evidence could possibly be reduced to manslaughter. The included offense of manslaughter is given or omitted from the charge in accordance with the court's judicial determination as to what is proper.

Applying the principles to the instant case, we think the trial court was warranted in submitting to the jury the included offense of manslaughter.

Our reason for this conclusion will be better understood if in the first instance we eliminate from our minds all question of self-defense.

Under the general plea of not guilty, the burden is cast upon the State to prove beyond a reasonable doubt each ▉▉▉▉▉▉ and every element of the crime. The injection of the claim of self-defense does not remove from the State its obligation to prove beyond a reasonable doubt.

The law is correctly stated when it is shown that the defendant killed the decedent, malice will be inferred in the absence of any evidence to the contrary. Counsel desire us to say that since in the instant case the evidence is conclusive that defendant shot and killed the decedent and having failed in his claim of self-defense, the killing was unlawful and the law supplies the inference of malice. In

order to correctly state this ▉▉▉ pertinent proposition of the law it is necessary to go one step further and have the understanding that the inference of malice from an unlawful killing is in the nature of a rebuttable presumption. This may arise from the insufficiency of the State's evidence or from the detailed narrative of the manner in which the homicide occurred. If the contention of counsel for the State is carried to the full limit it would mean that under an indictment charging manslaughter, the defense of self-defense could not be interposed. The mere statement shows the incorrectness of any such conclusion.

We have read the entire record in the instant case and agree with counsel for the State that the jury to say the least, was very charitable to the defendant in accepting the testimony most favorable to him through which they could return a verdict of guilty of manslaughter. The defendant was the only eye witness to the shooting. Several witnesses were called to testify to the statements made by him which if believed by the jury would have warranted a verdict of guilty of first degree murder. He took the stand and testified on his own behalf. He denied much of the damaging narratives that had been related by witnesses for the State, particularly the moving of the shot gun from the home of the deceased to that of his sister. This was very damaging evidence for if accepted it would then follow that the defendant carried the shot gun back to the home of the deceased. This evidence would then indicate a conclusion of premeditation and deliberation. In his sworn testimony he seeks to remove this very damaging evidence by the statement that the shot gun was in the home of the deceased; that when the deceased made the move as ▉▉▉ though to get his revolver from under his pillow then at that instant and for the first time he grabbed the shot gun and killed the decedent. If the jury believed this story of the defendant the crime would be nothing more than manslaughter. We agree with counsel for the State that it seems very difficult to reject all other testimony and accept this version. However, the fact remains that the jury had the right so to do. Under the law they could say that the defendant failed to establish by a preponderance of the evidence the claim of self-defense, but under the record as a whole only manslaughter was shown.

Counsel for the State in the first paragraph of their brief present the following:

"The objective of this proceeding is to obtain from this court a concise expression of the law as to when, if ever, in a trial on an indictment charging 1st Degree Murder of the premeditated type, the defendant pleading self-defense, the literally included offense of Manslaughter should be charged."

This court cannot possibly comply with this request. To do so would be entering the field of conjecture as to ▉▉▉ every conceivable character of case. Courts do not determine purely moot questions. Precedents are only established through the announcements of the principle of law from actual cases.

Aside from what has been said relative to the instant case, we can go no farther than to state the general proposition that manslaughter may be properly ▉▉▉ ly charged as an included offense whenever there is evidence reasonably tending to support such offense of manslaughter. The trial court should just as firmly refrain from charging on the included offenses if there is no evidence from which such included offense might be said to be supported.

In passing we might say that we think the trial court's charge in the instant case was splendid in its diction and clearness of expression. We do not think the trial court was in error in charging to the jury the included offense of manslaughter.

If we were passing on the question of the weight of the evidence we would have a more serious question.

HORNBECK and BODEY, JJ, concur.